UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ARTHUR HARRIS, | No. 2:21-cv-0636-KJM-CKD PS |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| NEW REZ. LLC, et al., | (ECF No. 5) |
| Defendants. | |

Plaintiff Arthur Harris proceeds without an attorney in this case, which was originally filed in the Superior Court of California, County of Solano, and assigned case number FCS056039. This matter was referred to the undersigned pursuant to Local Rule 302(c)(3) and 28 U.S.C. § 636(b)(1). Defendant, New Rez, LLC, d/b/a Shellpoint Mortgage Servicing, has moved to dismiss the complaint. (ECF No. 5.) A hearing on the motion to dismiss was noticed to be held via Zoom on June 2, 2021. Attorney Jeffrey Kaufman appeared on behalf of defendant.[1]

For the reasons set forth below, it is recommended defendant's motion to dismiss be granted as to all of plaintiff's federal claims and that such claims be dismissed without leave to

---

[1] Although plaintiff did not appear via Zoom at the hearing, he has communicated to the court that he attempted to appear via the public telephone line which, as per court policy, allowed him only to listen to the proceedings. The court did not hear argument from Mr. Kaufman, given plaintiff's absence from the hearing, but took the matter under submission. The court finds that oral argument in this matter would not be of material assistance and therefore proceeds upon the briefing already submitted. Local Rule 230(g).

1

amend. It is further recommended the court decline to exercise supplemental jurisdiction over plaintiff's state law claims. Finally, it is recommended the case be remanded to the Solano County Superior Court.

I.  **BACKGROUND**

Plaintiff bought a single-family house in 2015. (ECF No. 1 at 11.) A grant deed evidencing his purchase of the property located at 617 Daniels Avenue, Vallejo, California 94590 was recorded on August 31, 2015.[2] (ECF No. 12-2 at 4.) On the same day, a deed of trust in favor of Pinnacle Capital Mortgage LLC in the amount of $202,500.00 was recorded. (Id. at 8.) The deed of trust stated the interest in the promissory note and deed of trust could be assigned and transferred without notice to plaintiff. (Id. at 17.) On July 14, 2020, assignment of the deed of trust to defendant was recorded. (Id. at 29.)

Plaintiff alleges he received notice of the transfer and assignment to defendant on or about February 4, 2020. (ECF No. 1 at 12.) Plaintiff alleges defendant cannot legally enforce the mortgage loan because plaintiff signed a contract with the original mortgage company only. (ECF No. 1 at 12-13, 17.)

In addition, plaintiff appears to allege he had a billing dispute with Shellpoint that has apparently not been resolved satisfactorily. Plaintiff alleges he wrote to defendant when defendant became his new loan servicer, and defendant sent "many, many invoices" in response. Defendant also sent letters stating defendant "intended to foreclose on [plaintiff's] property if he failed to pay them money on his mortgage" that plaintiff had already paid. (ECF No. 1 at 13.) Plaintiff alleges he sent defendant copies of "all the payments" defendant claimed were owed. (Id.)

---

[2] Defendant requests the court take judicial notice of six exhibits: the grant deed recorded on August 31, 2015; the deed of trust recorded on August 31, 2005; the assignment of deed of trust; the Pacer docket for a case filed by plaintiff in the Western District of Washington; a single-page docket report for a case filed by plaintiff in the Superior Court of California, County of Solano No. FCS055677; and the March 25, 2021 Order and Findings and Recommendations of the undersigned in Harris v. New Rez., LLC, 2:20-cv-02340-KJM-CKD. (ECF No. 12-2.) As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). An exception exists for matters of public record not subject to reasonable dispute. See Id.; Fed. R. Evid. 201(b). Given the nature of these public documents, the court grants defendant's request for judicial notice.

Defendant "ignored those checks" and continued to send plaintiff "more forfeiture letters and invoices." (Id.)

Plaintiff initiated this particular action[3] with the filing of a complaint in the Solano County Superior Court on February 11, 2021. On April 8, 2021, defendant removed the case to this court. On April 20, 2021, the Chief District Judge related this case to Harris v. New Rez., LLC, 2:20-cv-02340-KJM-CKD, and reassigned it accordingly. In related case, Harris v. New Rez., LLC, No. 20-cv-02340, the undersigned has recommended plaintiff's federal claims be dismissed without leave to amend and that this court decline to exercise supplemental jurisdiction over plaintiff's state-law claims. (No. 20-cv-2340, ECF No. 24.) That matter is presently before the assigned district judge.

Defendant filed the pending motion to dismiss in the present case on April 15, 2021. (ECF No. 5.) Plaintiff opposes the motion. (ECF Nos. 16, 19, 20.) Defendant filed a reply. (ECF No. 23.)

## II.   LEGAL STANDARD

The purpose of a motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6), is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). A dismissal may be warranted where there is "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In order to state a valid claim for relief, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[3] Previously, plaintiff filed the complaint against defendant in the Western District of Washington, assigned case number 20-cv-0642-JCC, which was ultimately dismissed without prejudice. (ECF No. 15-1 at 4.) Prior to filing the present action originally in the Solano County Superior Court, plaintiff also filed the action assigned case number FCS055677 in Solano County Superior Court, also naming defendant. (Id.) It is not clear whether that case remains pending. (Id.) In addition, as set forth, related case Harris v. New Rez., LLC, 2:20-cv-02340-KJM-CKD is pending in this court.

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). The court does not, however, assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). In addition, while Rule 8(a) does not require detailed factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 676. A complaint must do more than allege mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

In ruling on a motion to dismiss, the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688–89 (9th Cir. 2001). The court may also consider matters properly subject to judicial notice. Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007).

**III.    DISCUSSION**

As he alleged in related case Harris v. New Rez., LLC, No. 20-cv-02340, plaintiff alleges in this case the assignment of his mortgage loan to defendant was unlawful or invalid. Plaintiff alleges defendant lacks standing to enforce the terms of the loan because plaintiff did not sign a contract with defendant. Plaintiff also alleges defendant has demanded mortgage payments from plaintiff corresponding to months for which plaintiff paid his mortgage payment. The complaint states plaintiff brings causes of action under 15 U.S.C. 1692, 12 U.S.C. 2605, 18 U.S.C. 1341, 18 U.S.C. 1343, 18 U.S.C. 1641, California Civil Code section 1788 and California Penal Code sections 118, 131 and 484. Plaintiff seeks damages and injunctive relief. (ECF No. 1 at 9-11.)

Defendant requests the court to dismiss the case with prejudice, arguing that, to the extent plaintiff attempts to bring a fraud claim, such a claim is baseless and not met with the requisite specificity. (ECF No. 12-1 at 9.) Defendant next argues plaintiff lacks standing to contest the

4

1 assignment of the loan from Pinnacle to defendant. (Id. at 10.) Defendant next argues plaintiff's
2 claims fail to the extent he alleges violations of the Fair Debt Collection Practices Act
3 ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (Id. at
4 11.) Defendant next argues plaintiff's constitutional challenges are improper against a private
5 entity. (Id. at 13.) Defendant further asserts plaintiff's challenges under the United States Code,
6 California Civil Code, and California Penal Code all fail. (Id. at 14.) Finally, defendant argues
7 plaintiff's request for punitive damages is improper and that his request for injunctive relief fails.
8 (Id. at 15-16.)

### A.  Standing to Contest Assignment of the Loan to Defendant

Defendant asserts plaintiff lacks standing to challenge the assignment of the loan to defendant. (ECF No. 12-1 at 10.) As a borrower, plaintiff "does not have standing under California law to challenge irregularities in the assignment of [his] Note or Deed of Trust because those instruments are negotiable." Christie v. Bank of New York Mellon, N.A., 617 F. App'x 680, 681 (9th Cir. 2015). "[His] obligations thereunder remain unchanged even if [his] creditor changes." Id.; see also Nationwide Ins. Co. of Am. v. Brown, 689 F. App'x 474, 475 (9th Cir. 2017) ("[t]o the extent [the borrower] challenges the validity of the purported securitization of her loan, she lacks standing to raise such a challenge"); Lial v. Bank of Am. Corp., 633 F. App'x 406 (9th Cir. 2016) (borrowers "lack standing to enforce the terms of any pooling and service agreement and therefore cannot challenge any assignment into a securitized trust"). Because plaintiff lacks standing to challenge the assignment of the loan to defendant, leave to amend any claim attempting to contest assignment of the loan would not cure the defect.

### B.  Fraud

Plaintiff does not plead facts to support a cause of action for fraud. The elements to show fraud or intentional misrepresentation under California law are "false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996) (internal quotations omitted). Under Fed. R. Civ. P. 9(b), a plaintiff must plead claims for fraud with particularity: "In all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other

condition of mind of a person may be averred generally." This rule requires the identification of the circumstances constituting fraud so the defendant can prepare an adequate answer from the allegations. Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1400 (9th Cir. 1986). "[T]he pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Id. at 1401; see also Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989).

Plaintiff alleges defendant sent him mortgage bills corresponding to months for which plaintiff had paid his mortgage, and that defendant continued to do so even after plaintiff sent proof to defendant that the alleged missing payments had been timely made. (See ECF No. 1 at 13-16.) These allegations do not suffice to plead with particularity a fraud claim. See Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.2003). A plaintiff alleging fraud "must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Id. (emphasis and internal quotation marks omitted). Thus, to the extent plaintiff implies defendant has made false communications pertaining to a billing dispute, that does not suffice to state a claim. Similarly, plaintiff's inclusion of exhibits reflecting handwritten lists of payments allegedly sent to defendant, and copies of cashier's checks that may have been sent to defendant, do not suffice to make plaintiff's claim plausible. In order to state a fraud claim, plaintiff must allege with specificity the content of false representations made knowingly by defendant, plaintiff's justifiable reliance thereon, and damages suffered.

In addition, a private cause of action for fraud is a state-law claim. See Moore, 96 F.3d at 1245. Since it is being recommended that all federal claims be dismissed, the undersigned will recommend the court decline to exercise supplemental jurisdiction over the state-law fraud claim.

**C.   FDCPA (15 U.S.C. § 1692 et seq.) and RFDCPA (Cal. Civ. Code § 1788 et seq.)**

Plaintiff alleges violations of his rights under the FDCPA and California's RFDCPA. (ECF No. 1 at 21.) The FDCPA prohibits a "debt collector" from engaging in various unlawful debt collection practices. See 15 U.S.C. §§ 1692a & 1692e. "Debt collector" as defined in the FDCPA

6

> means any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which is the collection of any debts*, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (emphasis added).

"The law is well settled that FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt." Lal v. Am. Home Serv., Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010); see also Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1209 (9th Cir. 2013) (affirming dismissal, in part, because plaintiff's "complaint makes no factual allegations from which we could plausibly infer that Wells Fargo regularly collects debts owed to someone other than Wells Fargo"); Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009) ("[A] 'creditor' is not a 'debt collector' under the FDCPA."). Under plaintiff's allegations, defendant is an assignee from the original creditor. Defendant is not a "debt collector" within the meaning of the FDCPA.

California's RFDCPA similarly applies only to a "debt collector," but the term is defined more broadly and more inclusively as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engaged in debt collection." Cal. Civ. Code § 1788.2(c). The RFDCPA precludes a debt collector from collecting or attempting to collect a consumer debt in a threatening or harassing manner. See Cal. Civ. Code § 1788 et seq. The RFDCPA prohibits threats, obscenity, misleading or false communications, and overreaching by debt collectors. Id. §§ 1788.10-1788.12, 1788.14-1788.16.

Defendant argues foreclosure does not constitute debt collection. Courts within the Ninth Circuit have concluded that foreclosure pursuant to a deed of trust is not the collection of a debt within the meaning of the RFDCPA. See, e.g., Lal, 680 F.Supp.2d at 1224. As defendant recognizes, though, plaintiff does not allege foreclosure proceedings have been initiated. Plaintiff complains of defendant's loan servicing, communications to plaintiff, and determination that mortgage payments were not received.

Defendant also asserts the RFDCPA, which is meant to protect California consumers, does not apply to plaintiff, whose mailing address is not in California. (ECF No. 12-1 at 13.)

7

Whether or not the RFDCPA applied in this case need not be decided now. The complaint lacks non-conclusory factual content to plausibly suggest defendant violated the RFDCPA by engaging in acts prohibited by the statute, and which if so, which prohibited acts.

In particular, the complaint does not allege which provisions of the RFDCPA were violated. Vague and conclusory allegations regarding inaccurate invoices, "foreclosure letters," and a billing dispute do not suffice to state a valid claim for relief. See Keen v. Am. Home Mortgage Servicing, Inc., 664 F.Supp.2d 1086, 2009 WL 3380454, at *5 (E.D. Cal. 2009) (dismissing complaint where it failed to allege the specific provisions of the RFDCPA were violated or facts alleging that defendant used threats, harassment, or profane language to collect a debt); Gonzalez v. First Franklin Loan Services, No. 1:09-cv-0941 AWI-GSA, 2010 WL 144862 at *7 (E.D. Cal. Jan. 11, 2010) (bare allegations of false billing or false statements are insufficient to state a claim). In addition, if plaintiff's RFDCPA allegations involve false representations, then they sound in fraud, and are subject to Rule 9(b)'s heightened requirements. See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125–26 (9th Cir.2009). Since it is being recommended that all federal claims be dismissed, the undersigned will recommend the court decline to exercise supplemental jurisdiction over the state-law RFDCPA claim.

### D. Constitutional Claims

Plaintiff alleges defendant has violated his due process rights under the United States Constitution insofar as the loan was transferred to defendant without plaintiff's consent. (ECF No. 1 at 17.) The touchstone of due process under the Fifth and Fourteenth Amendments is the protection of individuals against arbitrary actions by the government. See County of Sacramento v. Lewis, 523 U.S. 833, 845 (1998). "[T]he Due Process Clause protects individuals only from governmental and not from private action." Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982). Defendant is not a governmental agency, entity, municipality, or the State. Defendant is a private actor. A due process claim will not lie against defendant.

### E.  18 U.S.C. §§ 1341, 1343, 1621

Plaintiff states he brings causes of action for violations of 18 U.S.C. §§ 1341 and 1343, which pertain to mail and wire fraud. Title 18 U.S.C. § 1621 addresses perjury by a defendant. As

set forth, plaintiff does not plead facts to support a fraud claim. He further does not allege defendant provided a false statement under oath.

In addition, none of these sections of the United States Code give plaintiff a private cause of action. See Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 408 (8th Cir. 1999) (no private cause of action for sections 1341 and 1343); Brown v. California, No. 18-CV-07826-EMC, 2019 WL 2476603, at *3 (N.D. Cal. June 13, 2019) (no private cause of action for perjury). Plaintiff cannot state a valid claim based on these sections of the United States Code.

**F.   12 U.S.C. § 2605**

Plaintiff states he brings a cause of action under 12 U.S.C. § 2605, which is part of the Real Estate Settlement Procedures Act ("RESPA"). Section 2605 relates to the required disclosures and communications regarding the servicing of mortgage loans and requires loan servicers to respond to a "qualified written request" ("QWR") from a borrower requesting information relating to the servicing of the loan. 12 U.S.C. § 2605(e). When presented with a valid QWR, a loan servicer may be liable for damages for failing to provide disclosures relating to the servicing of the loan. See 12 U.S.C. §§ 2605(e)(1)(A), (f)(1). "[S]ervicing" refers to "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan." Id. at § 2605(i)(3).

The exhibits attached to the complaint include an October 22, 2020 letter from defendant responding to some type of billing inquiry from plaintiff. Defendant's letter states plaintiff's hand-written list of payments is insufficient to show "proof of payment" and requests plaintiff to send either the front and back of the cancelled checks and/or the full unredacted bank statements for the months in question. (ECF No. 1 at 24.)

Plaintiff's allegations that he wrote to defendant when defendant became his loan servicer, and that he sent defendant copies of payments that defendant claimed were owed do not suffice to allege he sent a QWR. In order to qualify as a QWR, a borrower's inquiry must include a statement of the reasons for the belief of the borrower . . . that the account is in error or provide sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B)(ii). A plaintiff need not attach a QWR to the complaint or specify its contents with

great particularity in order to state a claim. Ohlendorf v. Am. Home Mortg. Servicing, 279 F.R.D. 575, 581 (E.D. Cal. 2010). At a minimum, though, a plaintiff must allege he made a QWR or adequate facts to allow such an inference. A plaintiff must also allege damages or a loss "related to the RESPA violation itself," since RESPA, as codified at section 2605(f)(1)(A), authorizes "actual damages to the borrower as a result of the failure [to comply with RESPA requirements]." Lal, 680 F. Supp. 2d at 1223.

Here, the vague allegations describing plaintiff's communications to defendant do not allow the inference that plaintiff sent a QWR. Plaintiff further does not explain how defendant violated RESPA. Finally, plaintiff does not allege any loss related to an alleged RESPA violation. Thus, the vague allegations regarding the existence of a billing dispute do not suffice to state a claim.

## IV. CONCLUSION

A district court should grant leave to amend unless it determines the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); see also Gardner v. Marino, 563 F.3d 981, 990 (9th Cir. 2009) (a court may dismiss without leave to amend where it is clear a complaint cannot be cured by amendment). Here, the underlying basis for plaintiff's federal claims is that he believes the transfer or assignment of his loan to defendant was unlawful. Such claims cannot be cured by amendment.

To the extent plaintiff attempts to bring claims under various sections of the California Penal Code and the California Civil Code not addressed herein, the undersigned will recommend the court decline to exercise supplemental jurisdiction unless plaintiff states a federal claim for relief. A court may decline to exercise supplemental jurisdiction over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has stated that if "the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

If the federal claims are to be dismissed without leave to amend, then the court has discretion to dismiss this case or remand it to state court. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 348-357 (1988); Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1992).

This case has been pending in this court for a relatively short period of time. State law questions remain, and it is appropriate that a state court determine and apply questions of state law.

Accordingly, IT IS ORDERED that defendant's request for judicial notice (ECF No. 12-2) is GRANTED.

In addition, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss (ECF No. 12) be GRANTED and plaintiff's federal claims be DISMISSED without leave to amend;
2. This case be remanded to the Superior Court of California, County of Solano; and
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 3, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Harris.21cv636.mtd